UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE BERNARD WRIGHT**, <br><br> Petitioner, <br><br> vs. <br><br> **SHERMAN CAMPBELL**, <br><br> Respondent. | 2:25-CV-14053-TBG-PTM <br><br> **ORDER DISMISSING CASE AS DUPLICATIVE, DIRECTING PETITION TO BE FILED IN A PRIOR CASE, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL** |

Michigan prisoner Willie Bernard Wright ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] concerning his 2010 Wayne County Circuit Court convictions and sentences for kidnapping, three counts of first-degree criminal sexual conduct, two counts of assault with intent to murder, and possession of a firearm during the commission of a felony.

---

[1] Although Petitioner labels his habeas petition as one brought pursuant to 28 U.S.C. § 2241, the Court construes it as one brought pursuant to 28 U.S.C. § 2254 because he is a convicted prisoner challenging his state convictions and sentences. *See Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (stating that "[i]nmates with final state court judgments thus must travel down the § 2254 road, while pretrial detainees must travel down the § 2241 path" and citing *Phillips v. Court of C.P., Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012)); *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006)).

Petitioner, however, has already filed a federal habeas action challenging the same convictions and sentences which is pending in federal court. *See Wright v. Winn*, Case No. 2:14-cv-13422 (E.D. Mich.) (Cleland, J.). In that case, Judge Cleland stayed and administratively closed the case in 2015, and extended the stay in 2017, so that Petitioner could return to the state courts to exhaust state remedies as to additional claims. Petitioner was instructed to move to re-open that case to proceed on an amended petition upon completion of his state court remedies.

Petitioner signed the instant habeas petition (without a case number), along with an application to proceed in forma pauperis, on December 11, 2025 and the pleadings were filed as a new habeas case by the Clerk's Office on December 16, 2025.

The instant case must be dismissed as duplicative and/or successive to his stayed and pending habeas case. *See, e.g., Gamet v. Howard*, No. 23-CV-11102, 2023 WL 5001449, *1 (E.D. Mich. Aug. 4, 2023); *DeBruyn v. Michigan*, No. 20-CV-11664, 2020 WL 8674175, *1 (E.D. Mich. July 7, 2020); *Roche v. Brown*, No. 20-CV-10746, 2020 WL 1934924, *1 (E.D. Mich. Apr. 22, 2020); *Flowers v. Trombley*, 2006 WL 724594, *1 (E.D. Mich. March 17, 2006); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss habeas petition as duplicative of pending habeas petition). Thus, Petitioner's pleadings should be submitted in his previously-filed

2

and stayed case. Petitioner may not challenge the same convictions and sentences in two different habeas actions.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the instant action. Additionally, as a courtesy to Petitioner, the Court **DIRECTS** the Clerk's Office to re-file the instant habeas petition in Case No. 2:14-cv-13422 for further consideration. The Court makes no determination as to the merits of the petition. This case is closed. No further pleadings should be filed in this matter. All future pleadings should be filed in Case No. 2:14-cv-13422.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal from this

decision would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

December 22, 2025         /s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          United States District Judge